# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTHONY SHAMEL HOPKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00210 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Anthony Shamel Hopkins, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials interfered with his right to access the court by confiscating legal documents from his cell. He has now filed an Amended Complaint. After review of the record, I conclude that Hopkins's action must be summarily dismissed.

## I.

Hopkins alleges the following facts in his pro se Complaint.

On December 8, 2015, while Hopkins was incarcerated at Bland Correctional Center ("Bland"), a state trooper served him with thirty-four felony indictments issued by a grand jury of the Henry County Circuit Court. Thereafter, Hopkins was placed in segregated confinement for security reasons and was transferred ten days later to a segregation unit at Keen Mountain Correctional

Center ("Keen Mountain"), another prison facility operated by the Virginia Department of Corrections ("VDOC")..

On December 22, a property officer delivered Hopkins' personal property to him, including the indictments that had been served on Hopkins at Bland. The next day, Intelligence Officer A. McGlothlin allegedly told Hopkins that he was taking the indictments and confiscated all Hopkins' paperwork without giving a reason.

When Hopkins was released from segregation on December 29, Investigator Arms returned his paperwork except for the indictments and a related capias. On January 22, 2016, Hopkins filed an informal complaint about Arms' confiscation of the legal paperwork. In response, Arms stated that Hopkins could view the indictments in the presence of staff, but could not possess them in his cell. On February 5 and again on February 11, 2016, Hopkins wrote a request to view the indictments, but allegedly received no response. He also wrote to Keen Mountain Warden Kiser and to VDOC Director Harold Clarke, asking for help to retrieve his indictments. Clarke told Hopkins to utilize the grievance procedure, and he allegedly did so.

State police investigators served additional felony indictments on Hopkins on February 17 and 23, 2016, bringing the total to forty-eight indictments. Arms confiscated all of these documents and would not allow Hopkins to keep them in

his cell. State court records indicate that the charges pending against Hopkins are for serious offenses, including multiple counts of abduction, malicious wounding, sexual offenses, and use of a firearm to commit a felony. Hopkins notified the court on October 12, 2016, that he is now confined at the Western Virginia Regional Jail ("the jail") in Salem, Virginia.

Hopkins filed this lawsuit on May 4, 2016, against Clarke, Kiser, McGlothlin, and Arms, and submitted the Amended Complaint in August. He sues McGlothlin and Arms for depriving him of his property interest in the indictments, for not allowing him to prepare for court or trial, and for cruel and unusual punishment, and he sues the other defendants for failing to intervene. He contends that in the seven months since the confiscation of the indictments, he "could have been studying for [his] defense," that his inability to do so "is crippling [him] from clearing [his] name" and is "messing with [his] mind," because he does not know "what's going on with [his] life [and has] got nothing to go off of." (Am. Compl. 11, ECF No. 23.) He seeks monetary damages and injunctive relief directing the defendants to allow him to possess the indictments.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

-3-

28 U.S.C. § 1915A(b)(1). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarrantano*, 521 F.3d at 302 (internal quotations omitted).

To the extent that Hopkins seeks injunctive relief to obtain possession of his legal documents in his cell at Keen Mountain, his complaint must be summarily dismissed. His transfer from Keen Mountain to the jail has rendered moot his claims for injunctive relief relating to conditions at Keen Mountain. *See, e.g., Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's transfer rendered moot his claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief). The defendants, who are VDOC employees, have no authority to dictate

whether or not Hopkins may possess copies of the indictments in his cell at the jail. Therefore, I will dismiss Hopkins's claims for injunctive relief. I also conclude, for other reasons, that Hopkins has no claim for monetary damages arising from the Keen Mountain policy preventing him from possessing the indictments in his cell.

First, Hopkins has not stated facts to support a claim that this policy interfered with his constitutional right to access the courts. Such a claim requires facts showing how lack of unlimited access to the indictments resulted in specific harm to his prosecution of any particular nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Strickler v. Waters*, 989 F.2d 1375, 1386 (4th Cir. 1993). Vague and conclusory allegations that a prison policy caused mere delays or inconveniences to an inmate's legal work cannot support a denial of access claim. *Strickler*, 989 F.2d at 1383. Rather, the complaint must state with specificity "the underlying cause of action, whether anticipated or lost," and must also "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Hopkins has not stated any particular harm his criminal defense efforts suffered from lack of access to the indictments during his incarceration at Keen Mountain. Neither his submissions nor other court records indicate that any of the

criminal charges brought against Hopkins in Henry County in 2015 or 2016 are imminent. Moreover, Hopkins will have access to legal counsel, either retained or court appointed, to assist in his defense against these charges. Hopkins's failure to demonstrate harm from the defendants' confiscation of his indictments is fatal to his claim that such action deprived him of access to the court.

Second, Hopkins has not presented facts stating a § 1983 claim for deprivation of personal property. As an inmate, he has no expectation of privacy in his cell or its contents, and thus cannot rely on the Fourth Amendment to seek recovery of property taken from his cell by prison officials. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Moreover, Hopkins was not deprived of the indictments, but rather had limited access to them.

Third, to the extent that Hopkins faults prison officials for violating prison regulations or other state laws, § 1983 is not the proper legal remedy. "[I]t is well settled that violations of state law cannot provide the basis for a due process claim." *Weller v. Dep't of Social Services*, 901 F.2d 387, 392 (4th Cir. 1990) (citation omitted). Similarly, a state's failure to abide by its own procedural regulations is not a federal due process issue, *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir.1990), and is not actionable under § 1983.

Finally, Hopkins has no Eighth Amendment claim arising from the confiscation of the indictments. It is well established that "only the unnecessary

and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citations omitted). To sustain a claim that prison conditions constituted such a violation, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). The prisoner must also show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Hopkins has made none of these showings. At the most, he alleges that being unable to review the indictments as often as he wanted caused him mental distress. He provides no evidence that a lack of unlimited access to the indictments, rather than the existence of the charges themselves, caused his distress, or that the distress rose to the level of significant emotional harm.

III.

For the reasons stated, I conclude that Hopkins's Amended Complaint fails to state a § 1983 claim upon which relief can be granted. Therefore, I will summarily dismiss this action under 28 U.S.C. § 1915A(b)(1).

A separate Order will be entered herewith.

DATED:   October 19, 2016

/s/  James P. Jones
United States District Judge